1   Elana D. Cuzzo, California Bar No. 276042
2   elana.cuzzo@bryancave.com
    **BRYAN CAVE LLP**
3   120 Broadway, Suite 300
    Santa Monica, California  90401
4   Telephone:  (310) 576-2100
    Facsimile:  (310) 576-2200
5
6   Attorneys for Defendants
    CITIMORTGAGE, INC. (erroneously sued as
7   Citi Mortgage, Inc.) and CITIBANK, N.A.
    (erroneously sued as Citi Bank, N.A.)
8
9
10              **UNITED STATES DISTRICT COURT**
11      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
12

| | |
|---|---|
| 13   Edward Dade, an individual, and Kimberly Dade, an individual, | Case No. |
| 14 | **SACV14-00055 CJC (JPRx)** |
|      Plaintiffs, | (Orange County Superior Court Case |
| 15 | No. 30-2013-00688281-CU-BC-CJC) |
|      vs. | |
| 16 | **NOTICE OF REMOVAL OF CIVIL** |
| 17   Citi Mortgage, Inc., Citi Bank, N.A., and | **ACTION PURSUANT TO 28 U.S.C.** |
|      DOES 1 through 10, inclusive, | **§§ 1332, 1441, 1446** |
| 18 | |
|      Defendants. | **[DIVERSITY JURISDICTION]** |
| 19 | |

20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

SM01DOCS\1011666.1

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

2  PARTIES:

3      **PLEASE TAKE NOTICE** that Defendants CitiMortgage, Inc. (erroneously

4  sued as Citi Mortgage, Inc.) and CitiBank, N.A. (erroneously sued as Citi Bank,

5  N.A.) (collectively, "Defendants"), remove to this Court the action described below

6  from the Superior Court of the State of California, for the County of Orange.

7  **I.     BACKGROUND INFORMATION**

8      1.     On November 21, 2013, Plaintiffs Edward and Kimberly Dade filed an

9  action in the Superior Court of the State of California, for the County of Orange,

10  captioned *Edward Dade, etc., et al. v. Citi Mortgage, Inc., et al.*, Case No. 30-2013-

11  00688281-CU-BC-CJC ("State Court Action").

12      2.     Plaintiffs served Defendants with Plaintiffs' complaint in the State

13  Court Action on December 16, 2013.  A true and correct copy of the service

14  package, including the Service of Process Transmittal, Summons, Civil Cover Sheet,

15  and Complaint, is attached hereto as Exhibit A.

16      3.     A true and correct copy of the Notice of Case Assignment and Notice

17  of Hearing is attached hereto as Exhibit B.

18  **II.    BASIS FOR REMOVAL**

19      4.     This Court has original jurisdiction over this action under 28 U.S.C.

20  § 1332.  This is a civil action between citizens of different states and the amount in

21  controversy exceeds the sum of $75,000, exclusive of interest and costs.  The action

22  may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

23      5.     Complete diversity of citizenship exists between the parties in

24  accordance with 28 U.S.C. § 1332, subdivision (a)(1).

25      6.     Defendants are informed and believe Plaintiffs are citizens of

26  California.  (Ex. A, Compl., ¶ 1.)

27      7.     Defendant CitiMortgage, Inc. is a New York corporation with its

28  principal place of business in O'Fallon, Missouri.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

8.    For diversity purposes, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 3148 purposes, is a citizen of the State in which its main office, as set forth in its articles of association is located."); *see also Deleon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499 (N.D. Cal. June 9, 2010) ("[T]he Court concludes that Wells Fargo is a citizen of the state in which its main office, as specified in its articles of association, is located."); *Cochran v. Wachovia Bank, N.A.*, 2010 U.S. Dist. LEXIS 38379 (C.D. Cal. Mar. 9, 2010).

9.    Defendant CitiBank, N.A. is a national bank with its main office, as designated in its articles of association, in Sioux Falls, South Dakota.  CitiBank, N.A. is therefore a citizen of South Dakota for diversity purposes.

10.    Plaintiffs also named entities under fictitious names as defendants (the "Doe Defendants").  (Ex. A, Compl., ¶ 3.)  The citizenship of such defendants sued under fictitious names must be disregarded for diversity purposes.  28 U.S.C. §1441(a) ("citizenship of defendants sued under fictitious names shall be disregarded.").

11.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action."  *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).

12.    Here, Plaintiffs seek an order compelling Defendants to comply with an alleged, proposed modification of their mortgage loan. (Ex. A, Compl., Prayer ¶ 3; *see also*, Compl. ¶ 14).  The subject loan is a 40-year loan with a principal balance of $797,061.04.  (Ex. A, Complaint (Citi Affordable Modification Agreement attached to Plaintiffs' complaint as Exhibit B, p. 7-8)).  For each of the next 40 years, Plaintiffs request the Court to order that they be obligated to pay a lower per

annum interest rate than is set forth in the original contract Plaintiffs' signed. (Ex. A, Compl., ¶ 14). For certain years, Plaintiffs seek to lower their interest rate by 1%. For other years, Plaintiffs want to lower the interest rate by as much as 2.875%. (Ex. A, Compl., ¶ 14 (seeking to cap the interest rate at 3.5% instead of 6.375%). These demanded changes to the interest rate—when applied to a 40-year loan with a principal balance of $797,061.04. Thus, the object of this litigation is in excess of $75,000.

13.  Defendants calculate that the requested modifications to Plaintiffs' per annum interest rate would reduce Plaintiffs' total payments over 40 years by approximately $620,925.38. Plaintiffs also seek other unspecified punitive and compensatory relief. Thus, the amount in controversy, exclusive of interest and costs, is an amount in excess of the requisite $75,000 threshold for diversity jurisdiction set forth in 28 U.S.C. § 1332(b).

## III.  PROCEDURAL COMPLIANCE

14.  Defendants timely file this Notice of Removal within thirty days of service pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

15.  Defendants are serving a copy of this Notice of Removal on all adverse parties and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A copy of the notice to all adverse parties and the state court is attached (without exhibits) as Exhibit C.

16.  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached a copy of all process, pleadings, and orders served upon Defendants in the State Court Action.

## IV.  CONCLUSION

Defendants respectfully request that the State Court Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  justice that Defendants may be entitled to receive.

2

3  Dated:  January 14, 2014                    Elana D. Cuzzo
                                               **BRYAN CAVE, LLP**
4

5                                       By: _____

6                                               Elana D. Cuzzo
7                                            Attorneys for Defendants
                                             CITIMORTGAGE, INC. and
8                                            CITIBANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

SM01DOCS\1011666.1                           4

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
12/16/2013
CT Log Number 524067363

TO:     Ruth Saunders
        CitiMortgage, Inc.
        1000 Technology Drive, Legal Dept. - Mail Station 140
        OFallon, MO 63368-2240

RE:     **Process Served in California**

FOR:    CitiMortgage, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Edward Dade, etc. and Kimberly Dade, etc., Pltfs. vs. Citi Mortgage, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Exhibit(s), ADR Package |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA Case # 30201300688281CUBCCJC |
| **NATURE OF ACTION:** | Breach of contract - Defendants failed to apply the agreed term and instead unilaterally changed the terms of the permanent modification - Seeking Injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/16/2013 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | omero Banuelos Rimon PC 515 S. Flower Street 36th Floor Los Angeles, CA 90071 213457-7171 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/17/2013, Expected Purge Date: 12/22/2013 Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
Citi Mortgage, Inc., Citi Bank, N.A., and Does 1 through 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Edward Dade, an individual, and Kimberly Dade, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of Orange |
| **11/21/2013** at 06:02:00 PM |
| Clerk of the Superior Court |
| By Diana Cuevas, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):*  Central Justice Center | *(Número)* 30-2013-00688281-CU-BC-CJC |
| 700 Civic Center Drive West | |
| Santa Ana, CA 92701 | Judge Gregory H. Lewis |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
Omero Banuelos, Esq., Rimon PC 415 W. Foothill Blvd., Suite 202, Claremont CA 91711, (213) 457-7171

DATE: 11/21/2013          ALAN CARLSON, Clerk of the Court          _____, Deputy
*(Fecha)*                                                          Diana Cuevas

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✗] on behalf of *(specify):*  CITI Mortgage Inc

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
      [ ] other *(specify):*
4. [✗] by personal delivery on *(date):*  12-16-13

| | |
| --- | --- |
| Form Adopted for Mandatory Use | Page 1 of 1 |
| Judicial Council of California | Code of Civil Procedure §§ 412.20, 465 |
| SUM-100 (Rev. July 1, 2009) | *www.courtinfo.ca.gov* |

**SUMMONS**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Omero Banuelos SBN: 228267<br>Rimon PC<br>515 S. Flower Street, 36th floor<br>Los Angeles, California 90071<br>TELEPHONE NO.: 213-457-7171  FAX NO.:<br>ATTORNEY FOR (Name): Edward Dade and Kimberly Dade | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**11/18/2013** at 04:09:31 PM<br><br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Dade v. Citi Mortgage, Inc., Citi Bank , N.A et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2013-00688281-CU-BC-CJC<br><br>JUDGE: Judge Gregory H. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel        e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/30/13
Omero Banuelos
_____        ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT A - Page 8

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

EXHIBIT A - Page 9

Omero Banuelos, SBN228267
RIMON PC
515 S. Flower Street, 36th Floor
Los Angeles, CA 90071
(213) 814-2210

Attorneys for Plaintiffs Edward Dade and Kimberly Dade

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/18/2013** at 04:09:31 PM

Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT

| | |
|---|---|
| Edward Dade, an individual, and Kimberly Dade, an individual,<br><br>               Plaintiffs,<br><br>v.<br><br>Citi Mortgage, Inc., Citi Bank , N.A., and DOES 1 through 10, inclusive, | Case No.  30-2013-00688281-CU-BC-CJC<br>               Judge Gregory H. Lewis<br>**COMPLAINT FOR:**<br><br>  1.  **BREACH OF CONTRACT**<br><br>  2.  **FRAUD**<br><br>  3.  **NEGLIGENT MISREPRESENTATION**<br><br>  4.  **VIOLATION OF BUS & PROF CODE**<br>      **§ 17200 ET. SEQ.**<br><br>  5.  **DECLARATORY RELIEF**<br><br>  6.  **INJUNCTIVE RELIEF** |

Plaintiffs, Edward and Kimberly Dade ("Plaintiffs"), for their causes of action against Defendants, Citi Bank, N.A., and Citi Mortgage, Inc., and DOES 1 through 10, inclusive, (collectively referred to as "Defendants") and each of them, alleges as follows:

### GENERAL ALLEGATIONS

1.       Plaintiffs are, and at all times herein mentioned were, individuals residing in the County of Orange, State of California. Plaintiffs own the property located at 31072 Paseo Ranchero, San Juan Capistrano, CA. ("subject property").

2.      Defendants' principal place of business is the State of California by virtue of Defendants' continual conduct of banking and mortgage business throughout the State of California.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same has been ascertained.

4.      Plaintiffs are informed and believes and thereon alleges that each of the Defendants is the agent and/or employee of each and every other Defendant, and in doing the things herein alleged, each Defendant was acting in the course and scope of said agency and/or employment, and that each of the acts of the Defendants was ratified and confirmed by each and every other Defendant.

5.      Plaintiffs are informed and believes and thereon alleges that each defendant is legally responsible in some manner, negligently, contractually or otherwise, for the events, transactions and claims herein alleged and therefore is liable to Plaintiff.

6.      Plaintiffs have a mortgage on the subject property which is held and serviced by Defendants. In 2011, due to the financial difficulty Plaintiffs submitted a request for loan modification assistance. However, Defendants informed Plaintiffs that they had to default on their mortgage before they could be eligible for modification relief. For the next year and half, Defendants continuously delayed the modification with inexplicable stall tactics, delays, and intentional misrepresentations.   After countless delays and excuses by Defendants, Plaintiffs were finally granted the Trial Modification on or about June 26, 2012. A true and correct copy of the Trial Modification and its terms are attached hereto as Exhibit "A".

7.      Defendants represented that the Trial Modification would be made permanent upon Plaintiffs timely payment of three (3) monthly payments. Indeed, the Trial Modification detailed the final modification terms as follows: 1) The initial start rate will last no less than 60 months; and 2)

The cap rate will be the market rate on a 30-year fixed loan on the day the permanent modification documents are prepared (i.e. 3.5 percent).

8. Plaintiffs complied with the terms of the Trial Modification and made the three (3) monthly payments required.   Based on the timely payments, Plaintiffs received "permanent" modification paperwork on or about October 12, 2012.  However, this modification did not contain the same terms as had been promised and agreed to in the Trial Modification.  Instead, these new documents only provided for two (2) years at the initial start rate of 2.00%, instead of 5 years.  They further provided for a cap rate of 6.375, instead of the then current market rate of 3.5 percent.

9. Plaintiffs immediately contacted Defendants to advise them of the conflicting terms and requested that the "permanent" modification documentation reflect the agreed upon terms already established in the June 26, 2012 agreement.   Defendants refused to offer any explanation for the change in terms and refused to issue corrected documents.  Furthermore, Defendants' representative informed Plaintiffs that if the signed modification documents were not returned within 48 hours, the modification could be withdrawn and Plaintiffs be would subject to foreclosure action.   Under duress, Plaintiffs signed the modification documents with an addendum conditioning acceptance on the original terms set forth in June 26, 2012.  A true and correct copy of the addendum and signed modification documents are attached hereto as Exhibit "B".

10. Despite the signed addendum, Plaintiffs' modification was processed with the unfavorable terms forced upon them at the last minute on October 12, 2012.  To date, the only explanation provided by Defendants for the unilateral change in terms is that Plaintiffs' loan does not meet the loan amount limits set forth in the Making Home Affordable Program ("MHAP").  However, this modification was never a MHAP modification; rather it was specifically held out to be an internal modification outside the MHAP guidelines.  In addition, Plaintiffs had already been

denied a MHAP modification early on in the modification process. As such, this modification, since its inception, was never intended to be a MHAP modification.

11.     Throughout the modification process, Defendants engaged in a business practice of misrepresentations, unreasonable delays and harassing conduct which was and is intended to force Plaintiffs into unreasonable modification terms and intended to cause Plaintiffs to incur substantial fees, interest and penalties. Defendant's business practices are deceptive, unlawful, unfair and fraudulent under California law.

## FIRST CAUSE OF ACTION

### (For Breach of Contract against All Defendants)

12.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 11, inclusive, as though each and every allegation contained therein were set forth herein.

13.     In accordance with the Trial Modification, Plaintiffs were to receive a permanent modification with: 1) an initial start rate of 2 percent for no less than 60 months; and 2) The cap rate at the market rate on a 30-year fixed loan on the day the permanent modification documents are prepared (i.e. 3.5 percent).

14.     Defendants have failed to apply the agreed upon terms and instead unilaterally changed the terms of the permanent modification. Instead, these new documents only provided for two (2) years at the initial start rate of 2.00%, instead of 5 years. They further provided for a cap rate of 6.375, instead of the then current market rate of 3.5 percent. Plaintiffs did not accept these terms, but have continued paying the mortgage due to threats of foreclosure action.

15.     Plaintiffs have duly observed and performed each and every term and condition to be performed under the terms of the Trial Modification and have demanded that Defendants do the same. Defendants have refused and continue to refuse to follow the terms of the executed Trial Modification.

16.      Defendants are attempting to unilaterally switch the terms of the modification to their sole benefit and to the detriment of Plaintiffs. Defendants' conduct is a direction violation of the Trial Modification terms and constitutes a breach of the agreement. Plaintiff has been damaged in an amount not precisely known at this time, but believed to be in excess of the jurisdictional minimum of this court.

17.      The modification agreement provides that Plaintiffs are entitled to recover reasonable attorney's fees and costs for collecting amounts due pursuant thereto and enforcing the agreement. Plaintiff has employed Rimon PC, for the purpose of collecting the amounts above mentioned and will incur attorney's fees and costs in amounts not yet known.

## SECOND CAUSE OF ACTION

### (For Fraud against All Defendants)

18.      Plaintiffs repeat and incorporate by reference paragraphs 1 through 17, inclusive, as though each and every allegation contained therein were set forth herein.

19.      Plaintiffs are informed and believe and thereon allege that Defendants, through their agents and employees, made material misrepresentations to induce Plaintiff to enter into a modification agreement and default on the loan and applying for a modification. This included, representation that they Plaintiffs had to default on the loan to qualify for a modification, that they would receive a permanent modification with a 30 year fixed rate, with a cap rate of 3.5 percent and an initial rate of 2 percent for 5 years. Once Plaintiffs signed the Trial Modification and made the modification payments, Defendants switched the modification terms without Plaintiff's knowledge or consent so as to provide terms more favorable to Defendant and to force Plaintiff into default. By forcing Plaintiff into default Defendants are able to charge additional, late fees, penalties, and interest and collection charges.

20.      The conduct of Defendants was and is intentional and malicious and done for the purpose of fraudulently modifying the terms of Plaintiffs' modification.

21.    Plaintiffs were neither informed nor aware of the fraudulent switching of modification terms until after the parties had agreed to terms in the Trial Modification and had made payments. Once Plaintiffs realized Defendants conduct, it was forced to execute the revised documents under the threat of foreclosure. However, Plaintiffs conditioned acceptance of the modification upon Defendants continuing with the Trial Modification terms.

22.    Plaintiffs reasonably and justifiably relied upon the fraudulent acts and intentional concealment of the Defendants because Plaintiffs had no reason to believe that the fraudulent acts had or would occur.

23.    As a proximate result of the malicious and tortuous conduct of Defendants, Plaintiffs have suffered other incidental damages and out-of-pocket expenses, all constituting legally compensable damages in an amount to be shown at the time of trial. In addition, this unjust activity by Defendants has taken a toll on Plaintiffs physical and emotional health and has caused Plaintiffs to suffer mental anguish, emotional and physical distress.

24.    In doing the acts described in this complaint, Defendants acted with conscious disregard for the rights of Plaintiffs and did so in an oppressive and despicable manner, all of which warrants the imposition of punitive damages under the guidelines of Civil Code section 3294 in an amount sufficient to punish and deter Defendants, and each of them, from engaging in similar such conduct in the future.  The aforementioned conduct was done with the express intent of providing financial gain to Defendants to the detriment and exclusion of Plaintiffs.

25.    The actions taken by Defendants as set forth above were in all respects malicious, willful and oppressive, and manifested either disregard or contempt for the rights of Plaintiffs. Plaintiffs are thereby entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial.

# THIRD CAUSE OF ACTION

### (Negligent Misrepresentation against all Defendants)

26.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 25, inclusive, as though each and every allegation contained therein were set forth herein.

27.     Plaintiffs are informed and believe and thereon allege that Defendant, through their agents and employees, made material misrepresentations to induce Plaintiff to enter into a modification agreement, defaulting on the loan and applying for a modification.  This included, representations that Plaintifs had to default on the loan to qualify for a modification, that they would receive a permanent modification with a 30 year fixed rate, with a cap rate of 3.5 percent with an initial rate of 2 percent for 5 years.   Once Plaintiffs signed the Trial Modification and made the modification payments, Defendants switched the modification documents without Plaintiff's knowledge or consent, so as to provide terms more favorable to Defendant and to force Plaintiff into default.  By forcing Plaintiff into default Defendants are able to charge additional, late fees, penalties, interest and collection charges.

28.     When said Defendants, and each of them, made their express representations and warranties as aforesaid, they had no sufficient or reasonable grounds for believing them to be true, and said Defendants were negligent in not ascertaining and disclosing the true conditions of the modifications to Plaintiffs.  Furthermore, said Defendants, and each of them, suppressed and concealed from Plaintiffs their lack of information and data and consequent inability to accurately make representations which became a material consideration of the contracts to enter into the trial modification, retain the home and make payments.  The representations made by Defendants, and each of them, were false.  Defendants, were well aware of the fact that Plaintiffs would suffer from the lack of disclosure.

29.     Plaintiffs were neither informed nor aware of the fraudulent switching of modification documents until after the parties had agreed to terms in the Trial Modification and payments were made. Once Plaintiffs realized Defendants conducts, they were forced to execute the revised documents under the threat of foreclosure. However, Plaintiffs condition acceptance of the terms upon Defendants proceeding under the original modification terms.

30.     Plaintiff reasonably and justifiably relied upon the acts and negligent misrepresentations of the Defendants because Plaintiff had no reason to believe that the information provided was false.

31.     As a proximate result of the malicious and tortuous conduct of Defendants, Plaintiff has suffered other incidental damages and out-of-pocket expenses, all constituting legally compensable damages in an amount to be shown at the time of trial. In addition, this unjust activity by Defendants has taken a toll on Plaintiffs physical and emotional health and has caused Plaintiffs to suffer mental anguish, emotional and physical distress.

32.     In doing the acts described in this complaint, Defendants acted with conscious disregard for the rights of Plaintiffs and did so in an oppressive and despicable manner, all of which warrants the imposition of punitive damages under the guidelines of Civil Code section 3294 in an amount sufficient to punish and deter Defendants, and each of them, from engaging in similar such conduct in the future.  The aforementioned conduct was done with the express intent of providing financial gain to Defendants to the detriment and exclusion of Plaintiffs.

33.     The actions taken by Defendants as set forth above were in all respects malicious, willful and oppressive, and manifested either disregard or contempt for the rights of Plaintiffs. Plaintiffs are thereby entitled to an award of punitive and exemplary damages in an amount according to proof at the time of trial.

# FOURTH CAUSE OF ACTION

## (Violation of California Business and Professions Code Section 17200, et. Seq. Against

## All Defendants)

34.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 33, inclusive, as though each and every allegation contained therein were set forth herein.

35.     California Business and Professions Code, §17200, et. Seq. prohibits acts of unfair competition which includes any "fraudulent business act or practice" and conducts which is "likely to deceive" and is "fraudulent".

36.     Defendants' conduct alleged herein constitutes unfair and fraudulent conduct under Cal. Bus. and Prof. Code , §17200 et. Seq.  Defendants have engaged in unfair and fraudulent business practices by inducting Plaintiffs to sign a modification and then unilaterally switching the terms of the modification so as to cause Plaintiff to incur higher monthly payments and force Plaintiffs in unfavorable loan terms which will lead default on their mortgage and foreclosure proceedings.

37.     Plaintiffs have been injured by Defendants' business practices because Plaintiffs have been forced into unfavorable modification terms and payments in order to avoid default and potential foreclosure. This has resulted in increased charges, interest and penalties that are unlawfully, unfairly or fraudulently collected and retained by Defendants.  Plaintiffs seek restitution to recover all monies improperly levied and collected by Defendants.

38.     Defendants' unlawful, unfair, or fraudulent business practices as described herein are continuing, capable of repletion, and will continue unless restrained and enjoined by the Court.

## FIFTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

39.     Plaintiff repeats and incorporates by reference paragraphs 1 through 38, inclusive, as though each and every allegation contained therein were set forth herein.

40.     A dispute now exists between Plaintiffs, on the one hand, and Defendants, and each of them, on the other hand, concerning their respective rights and obligations under the Trial Modification. Plaintiffs allege that the terms set forth in the Trial Modification must be followed and Defendants disagree. Plaintiffs, therefore, requires a determination from the court of the respective rights and duties of the parties under the Trial Modification.

## SIXTH CAUSE OF ACTION

### (For Injunctive Relief Against All Defendants)

41.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 40, inclusive, as though each and every allegation contained therein were set forth herein.

42.     Defendants have not performed their obligations under the Trial Modification by refusing to apply the repayment terms as required in violation of the agreement.

43.     Plaintiffs have determined that the only way to obtain compliance and to protect interest in the subject property and avoid foreclosure is to obtain an injunction compelling Defendants to comply with the terms of the Trial Modification. Plaintiffs have no adequate remedy at law to prevent defendants from continuing to refuse to perform their duties and obligations under the agreement. Unless and until a mandatory injunction is issued by this Court which compels Defendants cease and desist from violation of the Trial Modification, Plaintiff will continue to suffer irreparable harm in that the subject property will be foreclosed and lost.

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.   For a finding that Defendants have breached the contract;

2.   For compensatory damages in an amount according to proof;

3.   For injunctive relief compelling Defendants to comply with the January Modification and to cease and desist from their violations of same.

4.   Punitive and exemplary damages;

5.   Award restitution, disgorgement, injunctive relief and all other relief allowed under Cal. Bus. Prof. Code §§ 17200 et seq.

6.   For attorneys fees and costs of suit incurred herein;

7.   For such other and further relief as this Court may deem just and proper.

DATED: /0/?•//?                           RIMON PC


                                          _____
                                          Omero Banuelos,
                                          Attorney for Plaintiffs

**COMPLAINT**
11
EXHIBIT A - Page 20

EXHIBIT "A"



# HELPING YOU STAY IN YOUR HOME.

*You may be able to make your payments more affordable.*
### *Act now to get the help you need!*

June 26, 2012

Edward R Dade
Kimberly S Dade
31072 Paseo Ranchero
San Juan Capistrano CA 92675-5542

> **1st Trial Payment Due: 8/1/12**
> **Loan number: 0770849542**

Dear Edward R Dade and Kimberly S Dade,

**Congratulations!** You are approved to enter into a trial period plan under the Citi Supplemental Modification Program. This is the first step toward qualifying for more affordable mortgage payments. Please read this letter so that you understand all the steps you need to take to modify your mortgage payments.

**What you need to do...**
To accept this offer, you must make your first monthly "trial period payment." To qualify for a permanent modification, you must make the following <u>trial period payments in a timely manner</u>:

|  |  |
|---|---|
| 1st payment: | $3,273.25 by 8/1/12 |
| 2nd payment: | $3,273.25 by 9/1/12 |
| 3rd payment: | $3,273.25 by 10/1/12 |

After all trial period payments are timely made and you have submitted all the required documents, your mortgage will be permanently modified. (Your existing loan and loan requirements remain in effect and unchanged during the trial period.) **If each payment is not received by CitiMortgage, Inc. in the month in which it is due, this offer will end and your loan will not be modified under the Citi Supplemental Modification Program.**

If you have any questions or if you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home but still want to avoid foreclosure, please call us at **1-855-843-2549 ext.0475046** Monday - Thursday 7AM-8PM CT, Friday 7AM-6PM CT, Saturday 7AM-4PM CT*, or email at laura.karki@citi.com**.

Sincerely,

Laura Karki
Homeowner Support Specialist
CitiMortgage, Inc., 1000 Technology Drive, MS 420, O'Fallon, MO 63368

*Attachments: (1) Frequently Asked Questions and (2) Additional Trial Period Plan Information and Legal Notices*

871646                                                    257786 CSM.8 1050

**FREQUENTLY ASKED QUESTIONS**

**Q. What else should I know about this offer?**

- If you make your new payments timely we will **not conduct a foreclosure sale**.
- You will not be charged any fees for this Trial Period Plan or a permanent modification.
- If your loan is modified, we will waive all unpaid late charges.
- Your credit score may be adversely affected by accepting a trial period plan. The impact of a permanent modification on a credit score depends on the homeowner's entire credit profile. For more information about your credit score, go to:
  http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.
- You may be required to attend credit counseling.

**Q. Why is there a trial period?**

The trial period offers you immediate payment relief and gives you time to make sure you can manage the lower monthly mortgage payment. The trial period is temporary, and your existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. How was my new payment in the trial period determined?**

Your trial period payment is approximately 31% of your total gross monthly income, which we determined to be $10,929.83 based upon the income documentation you provided. If the loan is successfully modified, your new payment also will be based on 31% of your gross income. In addition, if your existing payment includes mortgage insurance premiums, this amount will also be added to your payment. If we were able to permanently modify your loan today, we estimate your modified interest rate would be 2.000%. Your final modified interest rate may be different.

The modified payment should be sufficient to pay the principal and interest as well as property taxes, insurance premiums and other permissible escrow fees based on our recent analysis of these costs. Your modified monthly payment may change if your property taxes and insurance premiums change. If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage. Your loan has an escrow shortage of $4,750.16 this can either be paid in a lump sum when the loan is modified or over the next 60 months in an amount of $79.17 per month in addition to your modified monthly mortgage payment. If you wish to pay the total shortage as a lump sum, please contact us.

**Q. When will I know if my loan can be modified permanently and how will the modified loan balance be determined?**

Once you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan. Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment as that is determined based on your total monthly gross income, not your loan balance.

**FREQUENTLY ASKED QUESTIONS**

**Q. Will my interest rate and principal and interest payment be fixed after my loan is permanently modified?**

Once your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage **unless** your initial modified interest rate is below current market interest rates. In that case, the below-market interest rate will be fixed for five years. At the end of the fifth year, your interest rate may increase by 1% per year until it reaches a cap. The cap will equal the market rate of interest being charged by mortgage lenders on the day your modification agreement is prepared (the Freddie Mac Primary Mortgage Market Survey® rate for 30-year fixed-rate conforming mortgages). Once your interest rate reaches the cap, it will be fixed for the remaining life of your loan. Your new monthly payment will include an escrow for property taxes, hazard insurance and other escrowed expenses. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses increases, your monthly payment will increase as well.

### Additional Trial Period Plan Information and Legal Notices

The terms of your trial period plan below are effective on the day you make your first trial period payment, provided you have paid it on or before 8/1/12 You and we agree that:

**We will not proceed to foreclosure sale during the trial period, provided you are complying with the terms of the trial period plan:**

- Any pending foreclosure action or proceeding that has been suspended may be resumed if you are notified in writing that you failed to comply with the terms of the trial period plan or do not qualify for a permanent modification.
- You agree that the servicer will hold the trial period payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment. You also agree that the servicer will not pay your interest on the amounts held in the account. If any money is left in this account at the end of the trial period plan, those funds will be deducted from amounts that would otherwise be added to your modified principal balance.
- The servicer's acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan (or foreclosure actions) and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**During the trial period, we may accept and post your trial period payments to your account and it will not affect foreclosure proceedings that have already been started.**

- The servicer's acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan or foreclosure action and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**If your monthly payment did not include escrows for taxes and insurance, you are now required to do so:**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

**Your current loan documents remain in effect; however, you may make the trial period payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

EXHIBIT "B"

RE: Citi Account Number – 0770849542, Edward R. Dade and 31072 Paseo Ranchero, San Juan Capistrano, CA.

Date: October 17th, 2012

To whom it may concern,

Attached herein is a signed copy of the modification agreement dated Oct 12, 2012. I am sending said agreement to Citi mortgage based on the due date for said agreement. In addition I want to make it clear that I am disputing this agreement with Citi as the terms of this agreement vary from the terms proposed in the Trial Agreement Contract sent to me by Citi and dated June 26, 2012. This contract is also attached. The terms described in the Citi Trial Payment agreement state the initial start rate will last no less than 60 months and that the cap rate will be the market rate on a 30 year fixed loan on the day the documents are prepared. In this case the date prepared is October 12, 2012. The market rate should be approximately 3.5% instead of the 6.375% described in the final agreement. This means that my 2% start rate should remain for 5 years and that the interest shall be raised to no more than 3.5% for the remaining term.

As it was advised by Citi employee and Manager in the Mortgage Assistance Unit, Jennifer (ID# jf55103) it can not be guaranteed that my modification will not expire if I wait for the pending dispute to be resolved, before sending these items into Citi. This is why I am sending Citi the Agreement on time, the Trial Contract and this letter.

I was advised that if I do send the agreement by its due date, I would potentially have to apply for assistance over again. In this case I will be forced to resume foreclosure and give up my right to receive the foreclosure assistance. I do not under any circumstance waive this right and I am expecting Citi to honor the agreement dated June 26, 2012. Therefore I am signing the attached agreement under the pretense that Citi will except my modification under the original terms proposed.

I have been in review for this program for 15 months or more and I have had to overcome several errors made by Citi in pursuit of foreclosure assistance. I am not wanting to have to go through this pain and suffering again. I am expecting that Citi will do the right thing and honor their written contract.

If you have any questions please feel free to call myself, or Steve Alford, and authorized third party, at 800-732-9790.


Edward Dade

October 12, 2012


EDWARD R DADE
KIMBERLY S DADE
31072 PASEO RANCHERO

SAN JUAN CAPISTRANO  CA 92675

Dear EDWARD R DADE,

Congratulations!  You are eligible for a Citi Affordable Modification.  As previously described, if you comply with the terms of the Citi Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid.

The enclosed Citi Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage.

**How to Accept This Offer:**

**STEP 1.   COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

To accept this offer, you must sign and return both copies of the Modification Agreement to us in the enclosed, pre-paid envelope by October 19, 2012.  If the Modification Agreement has notary provisions at the end, you must sign both copies before a notary public and return the notarized copies to us. We encourage you to make a copy of all documents for your records. If you do not send both signed copies of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

**STEP 2.   CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Be certain to make any remaining trial period payments on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified.

To better understand the proposed terms of your modified mortgage, please read the attached summary of your modified mortgage and the Modification Agreement.

We look forward to hearing from you no later than October 19, 2012.

Remember, you can reach me at (855)843-2549, EXT. 0475144, Monday - Friday 7AM - 8PM CST, Saturday 7AM - 4PM CST*, or email me at colleen.m.williams@citi.com*.


Attachments: Summary of Your Modified Mortgage, Two copies of the Modification Agreement

**SUMMARY:**  Here is a summary of your modified mortgage.

**NEW PRINCIPAL BALANCE.**  Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance.  If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.

[**INTEREST RATE.**  The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement.

[**TERM EXTENSION.**  To reduce your mortgage payment, we will extend the term of your mortgage. This means we will spread your payments over a longer period.]

[**DEFERRAL OF PRINCIPAL.**  To further reduce your mortgage payment, we will defer collection of and not collect interest on $ 97,075.97 of your outstanding principal.  You will not be required to make monthly payments on that portion. This portion of principal will be due when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due.]

[**PRINCIPAL FORGIVENESS.**  To further reduce your mortgage payment, we will forgive a portion of your outstanding principal equal to $ 0.00.  You will never be required to repay this amount.  However, there could be income tax consequences related to this forgiveness, and you should consult a tax advisor.]

[**ESCROW ACCOUNT.**  The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. [Servicer] will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that [Servicer] must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $ 885.51  This amount is included in the loan payment of the enclosed Modification Agreement; you do not need to remit this amount separately.]

[**ESCROW SHORTAGE.**  Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $6,311.00. You may pay this amount over a 5 year (60 months) period. This monthly payment has already been included in the monthly escrow payment stated above. If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.] [Servicer may include alternative provisions to deal with an escrow shortage in accordance with applicable law.]

**PAYMENT SCHEDULE.**  The enclosed Modification Agreement includes a payment schedule showing your payment plan for the life of your modified loan after the trial period.

**FEES.**  There are no fees or other charges for this modification.

**REPRESENTATIONS.**  Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at (855)843-2549, EXT. 0475144, colleen.m.williams@citi.com.

Sincerely,
Colleen Williams
Homeowner Support Specialist
(855)843-2549, EXT. 0475144
colleen.m.williams@citi.com
CitiMortgage, Inc.
Homeownership Support Team
PO BOX 790006
St Louis, MO 63179


*HOURS OF OPERATION PROVIDED REFLECT GENERAL HOURS FOR THE HOMEOWNER SUPPORT SPECIALIST UNIT

**IF CONTACTING YOUR HOMEOWNER SUPPORT SPECIALIST THROUGH EMAIL PLEASE DO NOT INCLUDE CONFIDENTIAL INFORMATION.

After Recording Return To:
CitiMortgage
1000 Technology Drive, MS 420
O'Fallon, MO  63368
Doc Prep/Booking & Closing
INVESTOR  770849542
This document was prepared by Nicole Y Greene

_____[Space Above This Line For Recording Data]_____

### CITI AFFORDABLE MODIFICATION AGREEMENT
#### (Step Two of Two-Step Documentation Process)

Borrower ("I"):  EDWARD R DADE AND  KIMBERLY S DADE, HUSBAND AND WIFE  AS JOINT
TENANTS
Lender ("Lender"): CitiMortgage Inc.
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 12/28/06
Loan Number: 770849542
Property Address  31072 PASEO RANCHERO, SAN JUAN CAPISTRANO, CA, 92675

**Legal description**

EXHIBIT "A"

PARCEL 1:

LOT(S) 44 OF TRACT NO. 13027, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE,
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 587, PAGE(S) 46 TO 50 INCLUSIVE OF
MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ALL WATER RIGHTS, BUT WITHOUT RIGHT OF SURFACE ENTRY, EXCEPT
TO THE WELL SITE AS RESERVED BY DEED RECORDED DECEMBER 31, 1986 AS INSTRUMENT NO.
86-656812 OF OFFICIAL RECORDS.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING
BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED
RECORDED AUGUST 9, 1993 AS INSTRUMENT NO. 93-0533245, OF OFFICIAL RECORDS.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT ON AND OVER THE COMMON AREA AS DEFINED IN THE
DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED OCTOBER 1, 1992
AS INSTRUMENT NO. 92-665293 AND IN THE SUPPLEMENTARY DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS AND NOTICE OF ANNEXATION RECORDED NOVEMBER 6, 1992
AS INSTRUMENT NO. 92-760165, BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA,
FOR ACCESS, USE, ENJOYMENT, INGRESS AND EGRESS TO THE AMENITIES LOCATED THEREON.
THIS EASEMENT IS APPURTENANT TO PARCEL 1 ABOVE DESCRIBED.

If my representations in Section 1 continue to be true in all material respects, then this CITI Affordable

Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations.** I certify, represent to Lender and agree:

    A.  I am experiencing a financial hardship or my default is imminent,, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents; a permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

    C.  I have provided documentation for **ALL** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the CITI Affordable Modification program ("Program"));

    D.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    E.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    F.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.  TIME IS OF THE ESSENCE under this Agreement;

    B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations herein are no longer true and correct, or any covenant by me has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    C.  I understand that the Loan Documents will not be modified unless and until (i) The Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 10/01/12 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 11/01/12.

    A.  **Unpaid Principal Balance.** As of October 12, 2012, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $885,559.40 consisting of the unpaid amounts loaned to Borrower, previously deferred amounts, if any, plus any

interest and other amounts capitalized.

B. **Waived or Forgiven Late Charges.** For and in consideration of the modification of the loan as described herein, Lender has agreed to waive or forgive accrued, unpaid late charges. The total amount of accrued, unpaid late charges waived or forgiven is U.S. $0.00.

C. **Deferred Principal Balance.** For and in consideration of the modification of the loan as described herein, Lender has agreed to defer a portion of the Unpaid Principal Balance in an amount equal to $ 97,075.97 ("Deferred Principal Balance"). The Deferred Principal Balance, if any, is in addition to the Modified Principal Balance shall continue to be due and owing by Borrower to Lender; provided however, Lender agrees that for so long as Borrower makes the principal and interest payments in a timely manner and ultimately pays the Deferred Principal Balance to the extent obligated under the terms of the Note or Security Instrument, which if not sooner demanded, shall be due and payable upon the earlier of any voluntary loan payoff or on the Maturity Date, when the final balloon payment will become due and payable. Lender will not seek to enforce its security interest under the terms of the Security Instrument solely for failure to pay the Deferred Principal Balance. Any deferred principal forgiveness will be reported to the Internal Revenue Service and may have tax consequences. Therefore, you are advised to seek guidance from a tax professional.

D. **WAIVED OR FORGIVEN UNPAID PRINCIPAL BALANCE.** For and in consideration of the modification of the loan as described herein, Note Holder has agreed to waive or forgive unpaid principal balance in the amount of U.S. $ 0.00. Any principal forgiveness will be reported to the Internal Revenue Service and may have tax consequences. Therefore, you are advised to seek guidance from a tax professional.

E. **Modified Principal Balance.** Borrower acknowledges that the Modified Principal Balance payable under the Note and the Security Instrument shall be calculated as set forth below:

| | | |
|---|---|---|
| i) | Principal Balance | $ 797,061.04 |
| ii) | Accrued unpaid Interest | $ 76,219.02 |
| iii) | Accrued unpaid late charges | $0.00 |
| iv) | Advances regarding delinquent real estate taxes or to pay insurance premiums | $ 8,808.16 |
| v) | Appraisal fees, attorneys fees, costs, foreclosure or other legal expenses and advances regarding prior lien-holder or other claims | $ 3,471.18 |
| vi) | Previously deferred amounts | $0 |
| | Total (the "Unpaid Principal Balance" from Section 3(A)) | $885,559.40 |
| | Less: | |
| | Forgiven Late Charges from Section 3(B) | $0.00 |
| | Deferred Principal Balance from Section 3(C) | $ 97,075.97 |
| | Waived or Forgiven Unpaid Principal Balance (D) | $ 0.00 |
| | Plus: | |
| | Advances to establish initial escrow account, if any | $0.00 |
| | Total (the "Modified Principal Balance") | $ 788,483.43 |

**F.   Repayment Terms.** Borrower promises to pay the Modified Principal Balance, plus interest, to the order of Lender as set forth below:

  i)   The Maturity Date, as hereinafter defined, is 10/01/52. If on the Maturity Date Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

 ii)   The interest rate will begin to accrue as of 10/01/12 and the first new monthly payment on the Modified Principal Balance will be due on 11/01/12.

iii)   $ 97,075.97 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance less the Waived or Forgiven Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $ 788,483.43. Interest at the rate of 2.00000% will begin to accrue on the Interest Bearing Principal Balance as of 10/01/12 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 11/01/12. My payment schedule for the modified Loan is as follows

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 – 2 | [2.00%] | 10 /01/2012 | $2,387.73 | $885.51 adjusts annually after year 1 | $3,273.24 adjusts annually after year 1 | 11/01/2012 | 24 |
| 3 | [3.00%] | 10/01/2014 | $2,803.40 | Adjusts Annually | Adjusts Annually | 11/01/2014 | 12 |
| 4 | [4.00%] | 10/01/2015 | $3,244.76 | Adjusts Annually | Adjusts Annually | 11/01/2015 | 12 |
| 5 | [5.00%] | 10/01/2016 | $3,707.89 | Adjusts Annually | Adjusts Annually | 11/01/2016 | 12 |
| 6 | [6.00%] | 10/01/2017 | $4,189.12 | Adjusts Annually | Adjusts Annually | 11/01/2017 | 12 |
| 7-40 | (6.375%) | 10/01/2018 | $4,372.63 | Adjusts Annually | Adjusts Annually | 11/01/2018 | 408 |

The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step or simple interest rate. I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN. EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

G. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

H. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth herein.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (1) a borrower or co-borrower is deceased (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents) or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

5. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 5. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 5

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b)

not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

A. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

B. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

C. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

D. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

E. That, as of the Modification Effective Date, if any provision in the Note, as amended, allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

F.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

G.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement.  I understand that a corrected Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected documentation , the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program

H.  That Lender will collect and record personal information such as my name, address, telephone number, social security number, credit score, income, payment history, and information about account balances and activity.

I.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Agreement shall be referred to as "Documents."  I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement

J.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

K.  I acknowledge that the Deferred Principal Balance set forth above may or may not be reflected in the loan amount reported by Lender to any credit reporting agency or reported as part of the balance on any receipt or statement issued by Lender, but nevertheless I acknowledge that such Deferred Principal Balance is due and payable as set forth above.

L.  Notwithstanding the foregoing, to the extent personal liability has been discharged in bankruptcy with respect to any amount payable under the Note, as modified herein, nothing contained herein shall be construed to impose personal liability to repay any such obligation where any obligations have been so discharged. If any bankruptcy proceeding is pending or completed during a time period related to entering this Agreement, I understand that I enter this Agreement voluntarily and that this Agreement, or actions taken by the Lender in relation to this Agreement, does not constitute a demand for payment or any attempt to collect any such obligation.

[N/A]  MERS LOAN.  If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of 1901 E Voorhees Street Suite C, Danville, IL  61834 or P.O. Box 2026, Flint, MI 48501-2026, (888)

679-MERS.  In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

EXECUTED effective as of the day and year first above written.

EDWARD R DADE

Date

KIMBERLY S DADE

Date

[

CitiMortgage, Inc

The modification documents enclosed are ready for your execution. Please see the below instructions on having the document signed correctly in order to prevent the need for re execution and the delay in the processing of your permanent modification.

- **Your modification agreement is required to be notarized . Please have your notary refer to the below checklist in order to prevent any possible notary errors. Having the document notarized incorrectly could result in the request for a re execution which could cause a delay in the result of your permanent modification.**

### Borrower and Notary Checklist

Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your loss mitigation documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and/or completion.

☐ All signatures and requested written information completed in **BLACK INK** only.

☐ Borrower(s) must sign their name(s) exactly as printed below the signature line and within the margins of the body of the document. The Notary must fill out the borrower's name exactly as it is printed on the signature line for the borrower on the notary page next to the "personally appeared" line.

☐ County and State completed on Borrower's Acknowledgment by the Notary for borrower(s).

☐ Notarization date written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents. (Notary's Date must match date of Borrower's Signature)

☐ Notary Public's signature and title written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents.

☐ Notary Public's stamp and/or seal placed on Borrower's Acknowledgment when notarizing each set of documents **MUST BE LEGIBLE.**

☐ Commission Expiration Date of Notary Public written on Borrower's Acknowledgment for each set of documents, if required.

**NOTE:** The Lender's Acknowledgement portion of the loan documents will be completed by CitiMortgage, Inc. and **SHOULD NOT** be notarized by your notary public.

- Please sign and date the modification documents on ALL of the signature required pages. You may retain 1 of the 3 copies of the modification agreement for your records. You will be responsible for returning 2 executed copies in the UPS envelope, the return label has been provided.

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _____

On _____ before me, _____,

(Here insert name and title of the officer)

personally appeared _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____    (Notary Seal)
Signature of Notary Public

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number   of   Pages _____   Document   Date
_____

(Additional Information)

### CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer

_____
(Title)

☐ Partner(s)
☐ Attorney-in-Fact
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to reject of the document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, secretary).
- Securely attach this document to the signed document.

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR
Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an
ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and
descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any
applicable local court rules and directions for contacting any court staff responsible for
providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the
Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA.
This information may take the form of a list of the applicable programs or directions for
contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper
copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along
with the complaint. Cross-complainants must serve a copy of the ADR Information Package on
any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|

Telephone No.:                          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name):*                  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
          ☐ Under section 1141.11 of the Code of Civil Procedure
          ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                            (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                            (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)                                      California Rules of Court, rule 3.221

# Exhibit B

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

### 700 W. Civic Center DRIVE
### Santa Ana , CA 92702
### (657) 622-6878
### www.occourts.org

## NOTICE OF CASE ASSIGNMENT

### Case Number: 30-2013-00688281-CU-BC-CJC

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.    Gregory H. Lewis | Central Justice Center | C26 | (657) 622-6878 |
| Hearing: | Date: | Time: | |
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. | | | |

## [ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
  - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
  - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  11/27/2013

Eleanor Sutter _____ , Deputy Clerk

V3 INIT 100 (June 2004)

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME:  Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLANTIFF:Edward Dade et.al. | Dec 11, 2013 |
| DEFENDANT:Citi Mortgage Inc et.al. | ALAN CARLSON, Clerk of the Court<br>By: Gracie Valenzuela, Deputy |
| Short Title: Dade vs. Citi Mortgage Inc | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00688281-CU-BC-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>   has been scheduled for hearing on <u>02/10/2014</u> at <u>08:30:00 AM</u> in Department <u>C26</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By: _Gracie    Valenzuela_____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Dade vs. Citi Mortgage Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | 30-2013-00688281-CU-BC-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>12/11/2013</u>. The mailing occurred at <u>Sacramento, California</u> on <u>12/12/2013</u>.

Clerk of the Court, by: _____ , Deputy

RIMON PC
515  FLOWER STREET # 36TH FLOOR
LOS ANGELES, CA 90071

V3 1013a (June 2004)                                      Code of Civil Procedure , § CCP1013(a)

# Exhibit C

EXHIBIT C - Page 51

1   **BRYAN CAVE, LLP**
    Elana D. Cuzzo, California Bar No. 276042
2   120 Broadway, Suite 300
    Santa Monica, CA 90301
3   Telephone:     (310) 576-2100
    Facsimile:     (310) 576-2200
4   E-Mail:        elana.cuzzo@bryancave.com

5   Attorneys for Defendants
    CITIMORTGAGE, INC. (erroneously sued as
6   Citi Mortgage, Inc.) and CITIBANK, N.A.
    (erroneously sued as Citi Bank, N.A.)

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  Edward Dade, an individual, and Kimberly        Case No. 30-2013-00688281-CU-BC-CJC
    Dade, an individual,
12                                                  **NOTICE TO ADVERSE PARTIES AND**
                    Plaintiffs,                     **STATE COURT OF REMOVAL OF CIVIL**
13                                                  **ACTION TO FEDERAL COURT**
                    v.
14                                                  Hon. Gregory H. Lewis
    Citi Mortgage, Inc., Citi Bank, N.A., and      Department C26
15  DOES 1 through 10, inclusive,
                                                    Complaint Filed:   November 18, 2013
16                  Defendants.                     Trial Date:        Not Assigned

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C - Page 52
NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL

1    **TO ALL PARTIES AND TO THE CLERK OF THE SUPERIOR COURT:**

2    **PLEASE TAKE NOTICE** that Defendants CitiMortgage, Inc. (erroneously sued as Citi

3    Mortgage, Inc.) and CitiBank, N.A. (erroneously sued as Citi Bank, N.A.) filed a Notice of

4    Removal in the United States District Court, for the Central District of California, pursuant to

5    28 U.S.C. §§ 1332 and 1441(a), (b).  A true and correct copy of the Notice of Removal is attached

6    as Exhibit 1 (without exhibits).

7    **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing

8    of the Notice of Removal in the United States District Court, together with the filing of this notice

9    with this Court, effects removal of this action.  Therefore, this Court may proceed no further with

10   Plaintiffs' action unless and until the action is remanded.

11

12   Dated: January 13, 2014                     **BRYAN CAVE, LLP**
                                                  Elana D. Cuzzo
13

14                                               By: _____

15                                                   Elana D. Cuzzo
                                                 Attorneys for Defendants
16                                               CITIBANK MORTGAGE, INC. and
                                                 CITIBANK, N.A.
17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Cormac J. Carney_____ and the assigned Magistrate Judge is _____Jean P. Rosenbluth_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-00055 CJC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 14, 2014_____
Date

By ___Lori Wagers_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Dade, Edward<br>Dade, Kimberly | Citi Mortgage, Inc.<br>Citi Bank, N.A. |

| (b) County of Residence of First Listed Plaintiff Orange<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Omero Banuelos, Esq.<br>RIMON PC<br>515 S. Flower Street, 36th Floor<br>Los Angeles, CA 90071<br>(213) 814-2210 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Elana D. Cuzzo, Esq.<br>BRYAN CAVE LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401<br>(310) 576-2100 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1441(a), 1441(b), 1446 (Diversity Jurisdiction)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☒ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY:    Case Number: **SACV14-00055-CJC (JPRx)** |
|---|

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☒ Yes ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: January 14, 2014

Elana D. Cuzzo

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com