Christina A. Rea, California Bar No. 269107
Elana D. Cuzzo, California Bar No. 276042
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200
christina.rea@bryancave.com
elana.cuzzo@bryancave.com

Attorneys for Defendants
CITIMORTGAGE, INC. (erroneously sued as
Citi Mortgage, Inc.) and CITIBANK, N.A.
(erroneously sued as Citi Bank, N.A.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Edward Dade, an individual, and Kimberly Dade, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Citi Mortgage, Inc., Citi Bank, N.A., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV14-00055 CJC (JPRx)<br><br>Assigned to the Hon. Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with [Proposed] Order; Request for Judicial Notice]<br><br>Date: June 16, 2014<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Complaint Filed:  Nov. 21, 2013<br>Case Removed:  Jan. 15, 2014 |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

CITI'S MOTION TO DISMISS COMPLAINT

1  TO THE CLERK AND ALL PARTIES:

2  PLEASE TAKE NOTICE that on June 16, 2014, at 1:30 p.m., or as soon

3  thereafter as this matter may be heard in Department 9B of the above-entitled Court,

4  located at 411 W. Fourth Street, Santa Ana, CA 92701, Defendants CitiMortgage,

5  Inc. (erroneously sued as "Citi Mortgage, Inc.") and Citibank, N.A. (erroneously

6  sued as "Citi Bank, N.A.") (hereafter referred to collectively as "Defendants") will,

7  and hereby do, move to dismiss the Complaint of Plaintiffs Edward and Kimberly

8  Dade ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

9  The grounds for this Motion are that the Complaint fails to state a claim upon

10  which relief can be granted.

11  The Motion will be based on this Notice, the Memorandum of Points and

12  Authorities, the pleadings and documents on file in this case, and on any such oral

13  and documentary evidence as may be presented at the hearing on this motion.

14  This motion is made following counsel for Defendants and Plaintiffs meeting

15  and conferring pursuant to L.R. 7-3 on April 17, 2014, via telephone.

16

17  Dated:  April 23, 2014          **BRYAN CAVE LLP**
                                     Elana D. Cuzzo
18

19

20                                   By:   /s/ Elana D. Cuzzo
                                          _____
21                                        Elana D. Cuzzo
                                     Attorneys for Defendants
22                                   CITIMORTGAGE, INC. and
                                     CITIBANK, N.A.
23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     STATEMENT OF FACTS AND PLAINTIFFS' ALLEGATIONS .............. 1

III.    APPLICABLE LAW .................................................................................. 3

IV.     ARGUMENT ............................................................................................. 4

    A.    Plaintiffs Are Not Entitled to a Loan Modification With the Terms They Desire ...................................................................................... 4

    B.    Plaintiffs' First Cause of Action for Breach of Contract Fails ............ 5

    C.    Plaintiffs' Second and Third Fraud-Based Causes of Action Fail ........ 7

        1.    Plaintiffs' Claims Are Not Pleaded With Specificity ................... 8

            a.    Rule 9(b) Requires Specific Allegations of Fraud ............... 8

            b.    Plaintiffs Fail to Satisfy Rule 9(b) ......................................... 9

        2.    Plaintiffs Cannot Demonstrate Actionable Misrepresentation ... 10

        3.    Plaintiffs Cannot Demonstrate Justifiable Reliance ................... 12

    D.    Plaintiffs' Fourth Cause of Action for Violation of the UCL Fails .... 15

        1.    Plaintiffs Lack Standing to Bring a Claim ................................. 15

        2.    Plaintiffs Fail to Plead Facts to Support Their Claim ................ 16

    E.    Plaintiffs' Fifth Cause of Action for Declaratory Relief Fails ........... 18

    F.    Plaintiffs' Sixth Cause of Action for Injunctive Relief Fails ............. 19

V.      CONCLUSION .......................................................................................20

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Amoco Production Co. v. Gambell*,
   480 U.S. 531 (1987)................................................................20

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal. 4th 503 (1994) ...........................................................12

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*,
   116 Cal. App. 4th 1375 (2004) ...............................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................3

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) ..............................................17

*Boeken v. Philip Morris Inc.*,
   127 Cal. App. 4th 1640 (2005) ..............................................12

*Buckland v. Threshold Enters., Ltd.*,
   155 Cal. App. 4th 798 (2007) ................................................15

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) ................................................12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ..............................................15, 16, 17

*Chabner v. United of Omaha Life Ins. Co.*,
   225 F.3d 1042 (9th Cir. 2000) ...............................................15

*Charnay v. Cobert*,
   145 Cal. App. 4th 170 (2006) ..................................................7

*Commercial Union Ins. Co. v. Walbrook Ins. Co.*,
   41 F.3d 764 (1st Cir. 1994).....................................................18

*Connor v. Great W. Sav. & Loan Ass'n*,
   69 Cal. 2d 850 (1968) ............................................................15

*Conroy v. Regents of Univ. of California*,
   45 Cal. 4th 1244 (2009) ....................................................7, 12

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

ii

*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992) ................................................................4

*Durning v. First Boston Corp.*,
815 F.2d 1265 (9th Cir. 1987) ..............................................................4

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)............................................................................20

*Edwards v. Marin Park, Inc.*,
356 F.3d 1058 (9th Cir. 2004) ..............................................................8

*Foman v. Davis*,
371 U.S. 178 (1962)..............................................................................4

*Gonzalez v. Bank of America, et al.*,
2011 U.S. Dist. LEXIS 16963 (S.D. Tex. Feb. 20),
*aff'd in part and modified in part on other grounds sub nom.*, *Gonzalez v. Bank of Am. Ins. Servs., Inc.*,
454 F. App'x 295 (5th Cir. 2011) ..........................................................8

*Grant v. Aurora Loan Servs., Inc.*,
736 F. Supp. 2d 1257 (C.D. Cal. 2010) ................................................11

*Hoffman v. Bank of Am., N.A.*,
2010 WL 2635773 (N.D. Cal. June 30, 2010)........................................4

*Hood v. Superior Court*,
33 Cal. App. 4th 319 (1995) ................................................................18

*Hunter v. Up-Right, Inc.*,
6 Cal. 4th 1174 (1993) ........................................................................12

*Jensen v. Quality Loan Serv. Corp.*,
702 F. Supp. 2d 1183 (E.D. Cal. 2010) ......................................7, 8, 19

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..........................................................8, 9

*Khoury v. Maly's of California, Inc.*,
14 Cal. App. 4th 612 (1993) ................................................................17

*Korea Supply Co. v. Lockheed Martin Corp.*
*(2003)* 29 Cal.4th 1134 ......................................................................16

*Krantz v. BT Visual Images, L.L.C.*,
89 Cal. App. 4th 164 (2001) ........................................................15, 17

*Kruse v. Bank of Am.*,
202 Cal. App. 3d 38 (1988) ..........................................................6, 11

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

*Laks v. Coast Fed. Sav. & Loan Ass'n,*
  60 Cal. App. 3d 885 (1976) ................................................................ 11

*Lazar v. Hertz Corp.,*
  69 Cal. App. 4th 1494 (1999) ............................................................. 17

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001) ............................................................... 4

*Mabry v. Superior Court,*
  185 Cal. App. 4th 208 (2010) .............................................................. 4

*Marlin v. AIMCO Venezia, LLC,*
  154 Cal. App. 4th 154 (2007) ............................................................. 19

*National Union Fire Ins. Co. v. Karp,*
  108 F.3d 17 (2d Cir. 1997) ................................................................. 18

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
  231 Cal. App. 3d 1089 (1991) ............................................................ 14

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F. Supp. 2d 1177 (N.D. Cal. 2009) ................................................ 4

*Peterson v. Cellco P'ship,*
  164 Cal. App. 4th 1583 (2008) ........................................................... 15

*Philipson & Simon v. Gulsvig,*
  154 Cal. App. 4th 347 (2007) ............................................................. 12

*Phu Van Nguyen v. BAC Home Loan Servs., LP,*
  2010 WL 3894986 (N.D. Cal. Oct. 1, 2010) ........................................ 10

*Rosal v. First Fed. Bank,*
  671 F. Supp. 2d 1111 (N.D. Cal. 2009) ................................................ 4

*Rosas v. Carnegie Mortg., LLC,*
  2012 WL 1865480 (C.D. Cal. May 21, 2012) ................................... 18, 19

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
  806 F.2d 1393 (9th Cir. 1986) ............................................................. 4

*Scripps Clinic v. Superior Court,*
  108 Cal. App. 4th 917 (2003) ............................................................. 16

*Shamsian v. Atl. Richfield Co.,*
  107 Cal. App. 4th 967 (2003) ............................................................. 19

*Small v. Fritz Cos.,*
  30 Cal. 4th 167 (2003) ....................................................................... 13

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................9, 10

*Team Enters., LLC v. W. Inv. Real Estate Trust*,
  721 F. Supp. 2d 898 (E.D. Cal. 2010),
  *aff'd*, 446 F. App'x 23 (9th Cir. 2011) ...................................................18

*Vuki v. Superior Court*,
  189 Cal. App. 4th 791 (2010) ..................................................................4

*Wagner v. Benson*,
  101 Cal. App. 3d 27 (1980) ...................................................................15

*Wall St. Network, Ltd. v. New York Times Co.*,
  164 Cal. App. 4th 1171 (2008) ................................................................5

*Weinberger v. Romero-Barcelo*,
  456 U.S. 305,  (1982)............................................................................20

*Wong v. Am. Servicing Co.*,
  2009 WL 5113516 (E.D. Cal. Dec. 18, 2009) ..........................................6

## Statutes

28 U.S.C. § 2201(a) ...................................................................................18

Cal. Bus. & Prof. Code § 17200 ....................................................3, 15, 16

Cal. Bus. & Prof. Code § 17204 ...............................................................15

Cal. Civ. Code § 1709.................................................................................7

Cal. Civ. Code § 1710(2) ............................................................................7

## Rules

Fed. R. Civ. P. 12(b)(6) ..............................................................................3

Fed. R. Civ. P. 8(a)(2)................................................................................3

Fed. R. Civ. P. 9(b) ............................................................................2, 7, 8

## Other Authorities

Harry Miller & Marvin Starr, Miller and Starr California Real Estate 3D, § 1:20 (3d
  ed.; Database Updated 2011).................................................................11

Prosser & Keeton on Torts,
  (5th ed. 1984), ch. 5, § 33, at p. 207 .....................................................14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs Edward and Kimberly Dade ("Plaintiffs") filed this lawsuit after they defaulted on their home loan, accepted a permanent loan modification, and now argue they are entitled to a loan modification with terms to their subjective liking.

Plaintiffs are not entitled to relief.  The allegations of Plaintiffs' Complaint are vague and conclusory, and the Complaint fails to allege sufficient facts to support the necessary elements of their causes of action.  Plaintiffs cannot amend their Complaint to plead around these defects.  Accordingly, the Court should grant Defendants' Motion to Dismiss without leave to amend.

**II.   STATEMENT OF FACTS AND PLAINTIFFS' ALLEGATIONS**

On or about December 28, 2006, Plaintiffs obtained an $800,000 loan (the "Loan") from a non-party lender.  The Loan was memorialized in a promissory note and secured by a deed of trust ("DOT") on the property located at 31072 Paseo Ranchero, San Juan Capistrano, CA 92675 (the "Property").  (RJN, Exs. A-B.)  In the promissory note, Plaintiffs promised to make monthly mortgage payments of $4,250 for the first 120 months, and thereafter Plaintiffs' payments would become $5,905.86 for the remainder of the loan term (240 months).  (RJN, Ex. B.)  The DOT was later assigned to Defendant CitiMortgage, Inc.  (RJN, Ex. C.)

The DOT expressly authorizes the lender to foreclose in the event of the borrowers' default.  (RJN, Ex. A.)  On July 13, 2011, trustee Cal-Western Reconveyance Corporation recorded the Notice of Default on behalf of Defendants.  (RJN, Ex. D.)  At that time, Plaintiffs were already over $21,000 in arrears.  (*Id*.)  Plaintiffs failed to cure the default, and the arrearages continued to grow.  Cal-Western Reconveyance Corporation recorded the Notice of Trustee's Sale on October 19, 2011.  (RJN., Ex. E.)

Plaintiffs allege they began encountering "financial difficulty" in 2011 and defaulted on their Loan.  (Compl., ¶ 6.)  Plaintiffs disingenuously blame Defendants

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  for their default and falling so far into arrears, claiming Defendants told them to do

2  so in order to be eligible for a loan modification.  (Compl., ¶ 6.)  Plaintiffs do not

3  identify any specific statement that Defendants made to induce them to default.  In

4  addition to failing to allege what statement was made, Plaintiffs fail to allege who

5  made the statement or how it was made, which is plainly insufficient under the

6  standard outlined by Rule 9(b).  Plaintiffs sidestep the fact that by mid-2011,

7  Plaintiffs were already $21,000 in arrears.  (RJN, Ex. C.)  Plaintiffs applied for loan

8  modification assistance and allege that "for the next year and a half, Defendants

9  continuously delayed the modification with inexplicable stall tactics, delays, and

10  intentional misrepresentations."  (Compl., ¶ 6.)  But Plaintiffs' claims that they were

11  reviewed for a loan modification for a year and half are bald exaggerations, and fail

12  to allege when in 2011 they submitted a complete loan modification package.

13  (Compl., ¶ 6; Ex. A to Compl.)

14          In June 2012, Defendants sent Plaintiffs a trial modification, which called for

15  three monthly trial period payments of $3,273.28, beginning on August 2, 2012.

16  The trial modification specifically disclosed to Plaintiffs: "your final modified

17  interest rate may be different" and "your modified monthly payment may change."

18  (Ex. A to Compl., at p. 2.)  Plaintiffs contend they made the required trial period

19  payments and were approved for a permanent loan modification in October 2012.

20  (Compl., ¶ 8.)  As of the date of the permanent loan modification, Plaintiffs' unpaid

21  principal balance had grown to $885,559.40.  (Ex. B to Compl., at p. 6)  Plaintiffs

22  allege that the permanent loan modification "did not contain the same terms as had

23  been promised and agreed to in the trial modification" because the permanent

24  modification provided for an initial 2% interest rate for two years (rather than five)

25  and a cap interest rate of 6.375% (rather than 3.5%).  (Compl., ¶ 8.)  Despite

26  Plaintiffs' claims that they are entitled to a better deal, the permanent loan

27  modification waived all unpaid late charges and called for an initial monthly

28  mortgage payment of only $2,387.73, which is even lower than Plaintiffs' trial

payment.  (*Id.* at p. 8.)  Finally, Defendants deferred the collection of interest on nearly $100,000 of Plaintiffs' outstanding principal balance in order "to further reduce [Plaintiffs'] mortgage payment," which lowered Plaintiffs' interest-bearing principal balance from $855,559.40 to $788,483.43. (Ex. B to Compl., at pp. 3, 8.)

Plaintiffs were not pleased with these terms, and they filed this lawsuit, alleging six causes of action against Defendants for: (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) violation of Business & Professions Code § 17200, *et seq*. ("UCL"), (5) declaratory relief, and (6) injunctive relief.

According to Plaintiffs' allegations and exhibits attached to the Complaint, Defendants represented that they would consider Plaintiffs for a loan modification. After doing exactly that, Defendants offered Plaintiffs a loan modification that deferred nearly $100,000 of their principal balance.  Defendants did not breach any duty or agreement, none of Plaintiffs' allegations state a claim for relief against Defendants, and Plaintiffs' Complaint should be dismissed with prejudice.

## III.  <u>APPLICABLE LAW</u>

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court should dismiss a complaint under Rule 12(b)(6) where the plaintiff cannot proffer "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to the complaint itself, a court may consider any document that is

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

part of the complaint or that the complaint relies on, as well as documents that are matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see, e.g., Rosal v. First Fed. Bank*, 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009) (taking judicial notice of documents filed in county land records and bankruptcy court filings).  The court should disregard allegations that are contradicted by exhibits to the complaint, or by documents referred to in the complaint and considered pursuant to judicial notice.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Where deficiencies of a complaint cannot be cured by amendment, dismissal without leave to amend is proper.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Leave to amend should be denied when the court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   ARGUMENT

### A.   Plaintiffs Are Not Entitled to a Loan Modification With the Terms They Desire

The crux of Plaintiffs' purported causes of action is that Plaintiffs are entitled to a permanent loan modification with the terms they desire.  (*See generally* Compl.) However, California law is clear that a lender has no duty to modify a loan, and a borrower has no inherent right to a modification.  *See Vuki v. Superior Court*, 189 Cal. App. 4th 791, 794 (2010); *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010); *Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) (no right to modification); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009).

Even if Defendants had a duty to modify Plaintiffs' Loan, which they did not, Plaintiffs admit that Defendants permanently modified the Loan in October 2012.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

The permanent loan modification waived Plaintiffs' unpaid late charges and called for an initial monthly mortgage payment of only $2,387.73, which is even lower than Plaintiffs' trial modification payment.  Finally, Defendants deferred the collection of interest on nearly $100,000 of Plaintiffs' outstanding principal balance in order "to further reduce [Plaintiffs'] mortgage payment," which lowered Plaintiffs' interest-bearing principal balance from $855,559.40 to $788,483.43. (Ex. B to Compl., at p. 3.)  Despite these concessions, Plaintiffs now complain that the interest rate on their permanently modified loan should be even lower.  (Compl., ¶ 8.)  However, the trial modification expressly disclosed to Plaintiffs that "[their] final modified interest rate may be different" and that "[their] modified monthly payment may change."  (Ex. A to Compl., at p. 2.)

According to Plaintiffs' allegations and exhibits attached to the Complaint, Defendants represented that they would consider Plaintiffs for a loan modification.  After doing exactly that, Defendants offered Plaintiffs a loan modification that deferred nearly $100,000 of their principal balance.  Defendants did not breach any duty or agreement and Plaintiffs' entire Complaint fails accordingly.

## B.   Plaintiffs' First Cause of Action for Breach of Contract Fails

In California, a claim for breach of contract requires that the plaintiff plead the following:  (1) the contract, (2) the plaintiff's performance of the contract or excuse for non-performance, (3) the defendant's breach, and (4) resulting damages. *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

Plaintiffs allege that Defendants breached the terms of the trial modification by failing to permanently modify Plaintiffs' Loan with the following interest rate terms: initial 2% interest rate for five years and a cap interest rate of 3.5%.  (Ex. A to Compl.)

First and foremost, a trial period plan does not contain an unconditional promise and cannot support a breach of contract claim.  A trial period plan based on a "mere 'understanding' that a loan or mortgage would be restructured is insufficient

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  to state a claim for breach of contract." *Wong v. Am. Servicing Co.*, 2009 WL

2  5113516, at *10 (E.D. Cal. Dec. 18, 2009).  Absent a valid and enforceable

3  contract—separate and distinct from the trial plan itself—a plaintiff's claim for

4  breach of contract fails. *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co*.,

5  116 Cal. App. 4th 1375, 1391 n.6 (2004) (recognizing that the existence of a valid

6  and enforceable contract is an essential element of a claim for breach of contract).

7  "Preliminary negotiations or an agreement for future negotiations are not the

8  functional equivalent of a valid, subsisting agreement." *Kruse v. Bank of Am*., 202

9  Cal. App. 3d 38, 59 (1988).

10      Even assuming, *arguendo*, that the trial modification is an enforceable

11  contract, Defendants did not breach its terms.  Plaintiffs allege that Defendants

12  breached the terms of the trial modification by failing to permanently modify

13  Plaintiffs' Loan with the following interest rate terms: initial 2% interest rate for

14  five years and a cap interest rate of 3.5%.  (Ex. A to Compl.)  However, Defendants

15  could not have breached the trial modification because it expressly stated that the

16  "final modified interest rate may be different" and the "modified monthly payment

17  may change."  (Ex. A to Compl.)

18      Plaintiffs also fail to allege how they were damaged by accepting the

19  permanent loan modification.  (*See generally* Compl.)  The exhibits attached to

20  Plaintiffs' own Complaint demonstrate that the permanent loan modification

21  significantly lowered Plaintiffs' monthly mortgage payments due under their DOT.

22  (Ex. B to Compl.; RJN, Ex. A.)  In fact, Plaintiffs received an even better deal

23  because Defendants deferred the collection of interest on nearly $100,000 of

24  Plaintiffs' outstanding principal balance in order "to further reduce [Plaintiffs']

25  mortgage payment," which lowered Plaintiffs' interest-bearing principal balance

26  from $855,559.40 to $788,483.43.  (Ex. B to Compl., at p. 3.)  Accordingly,

27  Plaintiffs have not suffered any damages, nor have they alleged any.

28      Despite the allowances offered by Defendants with a permanent loan

modification, Plaintiffs are unsatisfied with their modified, lower monthly payment and believe they are entitled to a permanent loan modification with terms to their liking.  But (1) Defendants are not even required to modify Plaintiffs' Loan, as discussed above, and (2) the trial modification expressly disclosed that the permanent modification would be different from the trial modification.  Notably, Plaintiffs do not complain about the fact that the permanent loan modification offered by Defendants significantly lowered Plaintiffs' interest-bearing, unpaid principal balance by almost $100,000.  Defendants did not engage in any misconduct–much less breach a contract–by offering Plaintiffs a permanent loan modification with terms that were slightly different from the trial modification.

### C.   Plaintiffs' Second and Third Fraud-Based Causes of Action Fail

The elements of a cause of action for fraud are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1255 (2009); Cal. Civ. Code § 1709.  The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter.  *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006).  In a claim for negligent misrepresentation, the plaintiff must allege that the defendant lacked any reasonable ground for believing the statement to be true. *Id.*; Cal. Civ. Code § 1710(2).  Additionally, Plaintiffs' allegations must be pleaded with specificity under Federal Rule of Civil Procedure 9(b).  *Jensen v. Quality Loan Serv. Corp.,* 702 F. Supp. 2d 1183, 1191 (E.D. Cal. 2010).

Plaintiffs' causes of action for fraud and negligent misrepresentation are based on the following alleged misrepresentations: (1) "Plaintiffs had to default on the loan to qualify for a modification," and (2) Plaintiffs would receive a permanent modification with an initial interest rate of 2% for five years and cap interest rate of 3.5%.  (Compl., ¶¶ 19, 27.)  Plaintiffs fail to plead fraud with specificity.  Additionally, Plaintiffs do not allege that Defendants made any actionable

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  misrepresentations that they were justified in relying upon, nor have they shown that

2  Defendants acted with an intent to deceive them.

3            **1.**    **Plaintiffs' Claims Are Not Pleaded With Specificity**

4            **a.**    **Rule 9(b) Requires Specific Allegations of Fraud**

5      Any allegations of misrepresentation must be pleaded with specificity under

6  Federal Rule of Civil Procedure 9(b).  *Jensen*, 702 F. Supp. 2d at 1191.  "The law

7  requires [a plaintiff] to investigate the facts and law of his complaint before filing it;

8  it sanctions those who sue first and ask questions later."  *Gonzalez v. Bank of Am.*,

9  2011 U.S. Dist. LEXIS 16963, at *7 (S.D. Tex. Feb. 20), *aff'd in part and modified*

10 *in part on other grounds sub nom.*, *Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F.

11 App'x 295 (5th Cir. 2011).  As the Ninth Circuit has advised, one of the primary

12 purposes of Rule 9(b) is to "deter plaintiffs from … filing … complaints 'as a

13 pretext for the discovery of unknown wrongs'[.]"  *Kearns v. Ford Motor Co.*, 567

14 F.3d 1120, 1125 (9th Cir. 2009).

15     Where the complaint alleges a "unified course of fraudulent conduct" and

16 relies on that conduct for the basis of its claims, the claims are said to be "grounded

17 in fraud" or to "sound in fraud," and "the pleading … as a whole must satisfy the

18 particularity requirement of Rule 9(b)."  *Id*.   Rule 9(b) requires that "a party must

19 state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

20 The allegations must be "specific enough to give defendants notice of the particular

21 misconduct … so that they can defend against the charge and not just deny that they

22 have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

23 The plaintiff must plead the "'who, what, when, where, and how' of the misconduct

24 charged." *Kearns*, 567 F.3d at 1124.   "To avoid dismissal for inadequacy under

25 Rule 9(b) , [the] complaint would need to 'state the time, place, and specific content

26 of the false representations as well as the identities of the parties to the

27 misrepresentation.'" *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.

28 2004).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

The specificity requirement is heightened where, as here, there are multiple defendants.  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (alterations in original).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Id.* at 765 (alterations in original).

"Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns*, 567 F.3d at 1125 (alterations in original).

### b.   <u>Plaintiffs Fail to Satisfy Rule 9(b)</u>

First, Plaintiffs do not allege facts showing how, when, where, to whom, and by what means the alleged representation was made, as required by law.  Plaintiffs allege that Defendants made a "representation that Plaintiffs had to default on the loan to qualify for a modification."  However, Plaintiffs fail to allege, among other things, who made this statement, whether the statement was made orally or in writing, when this statement was made, which defendant made this statement, the context of the representation, or to whom the statement was made.  Plaintiffs fail to provide adequate notice of the substance of their claims and fall far short of the minimum pleading requirements, rendering these claims inadequate.

Further, Plaintiffs lump together both defendants and conflate their allegations, rather than differentiating their allegations and informing each

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

1  defendant separately of the allegations surrounding his alleged participation in the
2  fraud, as required by law. *Swartz*, 476 F.3d at 764-65. Because Plaintiffs' bald
3  accusations of misrepresentation fail to satisfy the pleading requirements set forth
4  above, and in particular, the who, what, where, when, and how of Defendants'
5  participation in the alleged fraud, each of their claims fails for a lack of specificity.

**2.      Plaintiffs Cannot Demonstrate Actionable Misrepresentation**

7        Plaintiffs cannot set forth any facts demonstrating that Defendants actually
8  made any misrepresentation of existing fact upon which Plaintiffs could have relied.
9  As discussed above, the purported misrepresentations that Plaintiffs identify are
10 that: (1) "Plaintiffs had to default on the loan to qualify for a modification," and
11 (2) Plaintiffs would receive a permanent modification with an initial interest rate of
12 2% for five years and cap interest rate of 3.5%. (Compl., ¶¶ 19, 27.) However,
13 these are not actionable misrepresentations.

14       First, Plaintiffs claim that Defendants informed Plaintiffs that they needed to
15 be in default on their Loan to be considered for a loan modification. But the HAMP
16 program requires loan servicers to verify, among other things, that the mortgage
17 loan is delinquent or that default is reasonably foreseeable. *See Phu Van Nguyen v.*
18 *BAC Home Loan Servs., LP*, 2010 WL 3894986, at *2 (N.D. Cal. Oct. 1, 2010)
19 ("The Guidelines establish a number of initial criteria for a loan to be eligible for
20 HAMP modification, including: … the loan is delinquent or an imminent default is
21 reasonably foreseeable …. But these initial eligibility requirements do not
22 automatically qualify a borrower for HAMP modification. After a servicer verifies
23 initial eligibility, the Guidelines further require the servicer to evaluate the loan to
24 determine whether a HAMP modification is required.") Accordingly, this is not a
25 misrepresentation upon which Plaintiffs can base their second and third causes of
26 action. Further, the Complaint conspicuously fails to allege that Plaintiffs were not
27 already in default on their Loan at the time this representation was purportedly
28 made.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

Second, the alleged misrepresentation that Plaintiffs would receive a permanent modification with an initial interest rate of 2% for five years and cap interest rate of 3.5% is not actionable because representations about future events cannot form the basis of a fraud claim.  California law is clear that an "agreement to agree" in the future is unenforceable.  Plaintiffs must allege a misrepresentation about present facts in order to plead a claim for intentional misrepresentation. "Statements that are predictions as to future events, and statements as to future action by some third party are, in most instances, mere opinions and not actionable fraud."  Harry Miller & Marvin Starr, Miller and Starr California Real Estate 3D, § 1:20 (3d ed.; Database Updated 2013) (an unenforceable "agreement to agree" results when a party "accepts" an offer that "leaves an essential term of the contract for the future agreement of the parties"); *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1266 (C.D. Cal. 2010) (the defendant-lender's purported offer to consider a short sale in lieu of foreclosure if the borrower submitted suitable documentation was "at most . . . a promise to enter into a future agreement" which "is not generally enforceable as a binding contract"); *Kruse*, 202 Cal. App. 3d at 64 (bank's conditional promise to lend money depending on regional office's approval was "far removed from a binding promise to lend money"); *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890-91 (1976) (conditional loan commitment that permitted bank to determine at a later date how much it would lend depending on how much other banks would lend in the deal was unenforceable because the first bank's commitment was ambiguous and the first bank "could not commit the other lenders").

Here, Plaintiffs allegedly relied on the trial modification provision regarding the future interest rate of a potential permanent loan modification.  The law is clear that a promise to do something in the future is not an enforceable binding contract. Further, the trial modification plainly informed Plaintiffs that the "final modified interest rate may be different."  (Ex. A to Compl.)  Because there is no

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

misrepresentation of present fact on which Plaintiffs could have relied, Plaintiffs' fraud claims fail.

Plaintiffs' claim also fails because their contract claim cannot also be the basis for a fraud claim. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd*., 7 Cal. 4th 503, 514 (1994); *see Hunter v. Up-Right, Inc*., 6 Cal. 4th 1174, 1180-85 (1993) (disallowing a fraud claim as it was "fundamentally contractual"). *Applied Equipment* holds that a breach of contract can only be a tort "when it also violates an independent duty [of the contract] arising from principles of tort law." 7 Cal. 4th at 515. Here, the alleged misrepresentation is the purported agreement to provide particular loan modification terms, which is not an allegation arising out of tort law.

### 3.  Plaintiffs Cannot Demonstrate Justifiable Reliance

Plaintiffs' fraud claims fail because Plaintiffs fail to plead facts to establish justifiable reliance on Defendants' alleged representations. Actual and justifiable reliance is a necessary element in a cause of action for fraud. *See Conroy*, 45 Cal. 4th at 1255. Justifiable reliance may be decided as a matter of law if the allegations permit reasonable minds to come to one conclusion that the reliance was not justifiable. *Boeken v. Philip Morris Inc*., 127 Cal. App. 4th 1640, 1666 (2005). "Reliance is 'justifiable' only when 'circumstances were such to make it reasonable for plaintiff to accept defendant's statements without an independent inquiry or investigation.'" *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007).

Assuming that Defendants' alleged representations are even actionable, Plaintiffs plead no facts to show that their reliance was justifiable. Plaintiffs merely allege: "Plaintiffs reasonably and justifiably relied upon the fraudulent acts and intentional concealment of the Defendants because Plaintiffs had no reason to believe that the fraudulent acts had or would occur." (Compl., ¶ 22.) However, "the mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004); *see also*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

*Small v. Fritz Cos.*, 30 Cal. 4th 167, 184 (2003).

First, Plaintiffs fail to allege any specific facts demonstrating their reliance on the alleged representation that the Loan must be in default to be considered for a modification.  Plaintiffs do not allege that they would have continued to make their loan payments on time nor that they have the ability to reinstate their loan and avoid any impending foreclosure if Defendants had not made the alleged representation that "Plaintiffs had to default on the loan to qualify for a modification." (Compl., ¶ 27.)  In fact, Plaintiffs admit in their own Complaint that "[i]n 2011, due to the financial difficulty Plaintiffs submitted a request for loan modification assistance." (Compl., ¶ 6.)  Notably, the Complaint fails to allege that Plaintiffs were not already in default on their Loan at the time this representation was purportedly made.  Thus, any late fees, penalties or foreclosure proceedings were the result of the financial difficulties Plaintiffs have been experiencing since 2011, and not any alleged representation made by Defendants.

Second, Plaintiffs fail to allege any facts demonstrating their reliance on the alleged misrepresentation that Plaintiffs would receive a permanent modification with an initial interest rate of 2% for five years and cap interest rate of 3.5%.  First, it is unreasonable to rely on representations regarding the potential interest rate of the permanent loan modification where the trial modification plainly stated that the final modified interest rate was subject to change.  (Ex. A to Compl.)  It is further unreasonable to expect that the permanent loan modification would contain the terms Plaintiffs find most favorable.  Additionally, Plaintiffs do not allege that they would have foregone the trial modification if Defendants had not made representations regarding interest rate.  Rather, Plaintiffs participated in a trial modification knowing that the interest rate was subject to change, accepted a permanent loan modification offer, albeit with terms different than those Plaintiffs had hoped for, and now bring this lawsuit because they do not like the terms offered.

Plaintiffs' vague and boilerplate allegations regarding damages are also

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

1  clearly insufficient.  Plaintiffs do not allege any specific damage, nor do they allege
2  how any conduct by Defendants proximately caused such damage.  The exhibits
3  attached to Plaintiffs' own Complaint demonstrate that the permanent loan
4  modification  significantly lowered Plaintiffs' monthly mortgage payments due
5  under their DOT.  (Ex. B to Compl.; RJN, Ex. A.)  In fact, Plaintiffs received an
6  even better deal because Defendants deferred the collection of interest on nearly
7  $100,000 of Plaintiffs' outstanding principal balance in order "to further reduce
8  [Plaintiffs'] mortgage payment," which lowered Plaintiffs' interest-bearing principal
9  balance from $855,559.40 to $788,483.43.  (Ex. B to Compl., at p. 3.)  Accordingly,
10  Plaintiffs have not suffered any damages, nor have they alleged any.

       Plaintiffs allege that the permanent loan modification was offered to "provide
11  terms more favorable to Defendant and to force Plaintiff into default."  (Compl.,
12  ¶ 27.)  However, Plaintiffs' allegation is nonsensical.  By their own admission,
13  Plaintiffs' financial difficulty prompted their inability to pay their original monthly
14  mortgage payments under the DOT.  It is patently unclear how a permanent loan
15  modification with a *lower* monthly payment and a *lower* interest rate could "force
16  Plaintiff into default."  Rather, any default by Plaintiffs would be the result of their
17  own financial difficulties and failure to make their mortgage payments, not any
18  conduct by Defendants.
19

20      Further, Plaintiffs' negligent misrepresentation claim fails for the additional
21  reason that Plaintiffs do not and cannot allege that they are owed a duty of care.  In
22  "all cases of negligent misrepresentation . . . the circumstances must be such that the
23  defendant is under a duty to the plaintiff to exercise reasonable care in giving the
24  information . . . ."  Prosser & Keeton on Torts, (5th ed. 1984), ch. 5, § 33, at p. 207.

25      However, "as a general rule, a financial institution owes no duty of care to a
26  borrower when the institution's involvement in the loan transaction does not exceed
27  the scope of its conventional role as a mere lender of money."  *Nymark v. Heart*
28  *Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  A duty arises "only

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301

when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 864 (1968)).  Here, Plaintiffs fail to allege any facts showing involvement by Defendants beyond the scope of their role as lenders of money.

For these reasons, Plaintiffs' causes of action for fraud and negligent misrepresentation should be dismissed with prejudice.

### D.   Plaintiffs' Fourth Cause of Action for Violation of the UCL Fails

A claim for violation of the UCL stands or falls depending on the fate of antecedent substantive causes of action.  *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001).  A plaintiff cannot "plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000), quoting *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).  Plaintiffs' allegations in support of this cause of action just repeat the same failed allegations supporting their other causes of action.  (Compl., ¶¶ 36-37.)  This claim fails for several reasons.  First, Plaintiffs lack standing to bring a section 17200 claim because Plaintiffs have not adequately alleged any loss of money or property.  Second, Plaintiffs fail to plead facts showing conduct by Defendants that was unlawful, unfair, or fraudulent.

### 1.   Plaintiffs Lack Standing to Bring a Claim

Standing to pursue a section 17200 cause of action is limited to certain specified public officials and to any private person who "has suffered injury in fact and has lost money or property as a result of such unfair competition."  *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008); Bus. & Prof. Code § 17204; *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 812, 819 (2007).  The loss of money or property must be of a type that would allow for restitution.  *Buckland*, 155 Cal. App. 4th at 817.  Restitution, in turn, is available only where "a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest." *Korea Supply Co. v. Lockheed Martin Corp. (2003)* 29 Cal.4th 1134, 1149.

Here, Plaintiffs fail to adequately allege, for purposes of section 17200, any loss of money or property that would allow for restitution. First, Plaintiffs make the broad allegation that "Plaintiffs have been forced into unfavorable modification terms and payments in order to avoid default and potential foreclosure." (Compl., ¶ 37.) However, Plaintiffs do not allege any facts demonstrating how Plaintiffs' permanent modification resulted in *less favorable* loan terms or higher monthly payments than their original Loan. In fact, this is the precise reason why Plaintiffs sought relief from Defendants in the first instance. Plaintiffs were having "financial difficulty" making their monthly mortgage payments, "submitted a request for loan modification assistance," and accepted a permanent loan modification that lowered their monthly payments. Because Plaintiffs have not suffered any loss of money or property, Plaintiffs lack standing under section 17200 to bring this claim.

### 2.    Plaintiffs Fail to Plead Facts to Support Their Claim

Plaintiffs fail to plead facts showing conduct by Defendants that was unlawful, unfair, or fraudulent. "Unfair" conduct under Section 17200 has been defined as conduct that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003). When "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . , courts may not apply purely subjective notions of fairness." *Id*. at 941, quoting *Cel-Tech Commc'ns*, 20 Cal. 4th at 184. Rather, a plaintiff's claim under the UCL, if based on some public policy, must be "tethered" to a specific constitutional, statutory, or regulatory provision to find an objective basis for determining whether the alleged conduct is unfair. *Id*. at 940; *Cel-Tech Commc'ns*, 20 Cal. 4th at 186-87. To plead a cause of action under the "unfair"

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

CITI'S MOTION TO DISMISS COMPLAINT

1   prong, a plaintiff must establish the commission of a tort, violation of a statute, or

2   violation of some other recognized legal duty.  *Cel-Tech Commc'ns*, 20 Cal. 4th at

3   182.  Moreover, a plaintiff alleging unfair business practices under the UCL must

4   state with reasonable particularity facts supporting the statutory elements of the

5   alleged violation.  *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4th 612, 619

6   (1993).

7         Here, Plaintiffs provide no facts to support Defendants' alleged "unfair"

8   conduct.  There is no public policy or rule requiring a lender to modify a loan, much

9   less with the loan terms borrowers desire.  Plaintiffs fail to plead facts evidencing a

10   viable tort claim or any statutory violation.  Plaintiffs do not tether their claim to a

11   constitutional, statutory, or regulatory provision.  Plaintiffs have pled nothing more

12   than ultimate facts, broadly alleging certain unlawful acts and practices without

13   alleging any specific violation of any constitutional, statutory, or regulatory

14   provision.  (*See generally* Compl.)  Because Plaintiffs fail to plead any facts

15   showing that a statute was somehow violated, they fail to state a cause of action

16   under the UCL's "unfair" prong.

17         Plaintiffs also fail to plead any facts or present any evidence in support of a

18   cause of action under the UCL's "unlawful" prong.  "[A] violation of another law is

19   a predicate for stating a cause of action under the UCL's unlawful prong."

20   *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).

21   However, a plaintiff must plead facts to support the underlying statutory violation.

22   *Id*.  "In effect, the UCL borrows violations of other laws … and makes those

23   unlawful practices actionable under the UCL."  *Lazar v. Hertz Corp.*, 69 Cal. App.

24   4th 1494, 1505 (1999).  Thus, a claim for UCL stands or falls depending on the fate

25   of antecedent substantive causes of action.  *Krantz*, 89 Cal. App. 4th at 178.  If the

26   conduct is not unlawful, then the UCL claim fails. Here, Plaintiffs have not pled any

27   facts demonstrating that any law has been violated by Defendants.

28         Lastly, Plaintiffs fail to plead any facts or present any evidence in support of a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

cause of action under the UCL's "fraudulent" prong.  As discussed previously in Section IV.C, Plaintiffs fail to plead a viable fraud count against Defendants. Plaintiffs therefore cannot base their UCL claim on the "fraudulent" prong.  For these reasons, Plaintiffs' UCL claim should be dismissed with prejudice.

### E.    Plaintiffs' Fifth Cause of Action for Declaratory Relief Fails

First, Plaintiffs' purported "cause of action" for declaratory relief fails because it is a remedy, not a cause of action.  *Team Enters., LLC v. W. Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) ("A declaratory judgment is not a theory of recovery[,]" but "merely offers an *additional remedy* to litigants."), *National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997); *Rosas v. Carnegie Mortg., LLC*, 2012 WL 1865480, at *10 (C.D. Cal. May 21, 2012) ("declaratory and injunctive relief are prayers for relief, not causes of action."); *Commercial Union Ins. Co. v. Walbrook Ins. Co*., 41 F.3d 764, 775 (1st Cir. 1994) ("A declaratory judgment is not a theory of recovery.").

Second, Plaintiffs' declaratory relief claim fails because Plaintiffs do not allege any independent actionable conduct in their declaratory relief claim.  The federal Declaratory Judgment Act ("DJA") states: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a).  "The DJA's operation 'is procedural only.'"  *Team Enters., LLC*, 721 F. Supp. 2d at 911.  A declaratory relief claim "falls with the demise" of the underlying causes of action.  *Id.*  "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action.' . . . The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief."  *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995). Plaintiffs' declaratory relief claim does not allege any independent actionable conduct.  Rather, Plaintiffs' cause of action rests on their tired claim that "the Trial Modification must be followed and Defendants

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  disagree." (Compl., ¶ 40.)  However, as set forth above, the trial modification itself

2  states that the final modified interest rate may change and Plaintiffs expressly agreed

3  to this by accepting the trial modification.  Consequently, Plaintiffs' declaratory

4  relief claim offers nothing but added length to their pleading, because the issue of

5  whether Defendants engaged in any misconduct relating to the trial loan

6  modification is addressed in Plaintiffs' other defective causes of action.  The Court

7  should therefore dismiss the Declaratory Relief cause of action with prejudice.

8  ### F.   Plaintiffs' Sixth Cause of Action for Injunctive Relief Fails

9  Plaintiffs' purported cause of action for injunctive relief fails for similar

10  reasons as Plaintiffs' claim for declaratory relief.  First, Plaintiffs' purported "cause

11  of action" fails because it too is a remedy and not a cause of action.  "An injunction

12  is a remedy, not a separate claim or cause of action." *Jensen*, 702 F. Supp. 2d at

13  1201 (" A pleading can . . . request injunctive relief in connection with a substantive

14  claim, but a separately pled claim or cause of action for injunctive relief is

15  inappropriate."); *Rosas*, 2012 WL 1865480, at *10 ("declaratory and injunctive

16  relief are prayers for relief, not causes of action."); *see also Marlin v. AIMCO*

17  *Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007); *Shamsian v. Atl. Richfield Co*.,

18  107 Cal. App. 4th 967, 984-85 (2003) ("[A] request for injunctive relief is not a

19  cause of action.  Therefore, we cannot let this 'cause of action' stand.") (citation

20  omitted).  As such, the "cause of action" should be dismissed with prejudice for this

21  reason alone.

22  Second, Plaintiffs fail to plead any facts establishing that they are entitled to

23  injunctive relief.  According to well-established principles of equity, a plaintiff

24  seeking a permanent injunction must satisfy a four-factor test before a court may

25  grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable

26  injury; (2) that remedies available at law, such as monetary damages, are inadequate

27  to compensate for that injury; (3) that, considering the balance of hardships between

28  the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

1  interest would not be disserved by a permanent injunction. *See eBay Inc. v.*

2  *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Weinberger v. Romero-Barcelo,*

3  456 U.S. 305, 311-13, (1982); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542

4  (1987).

5       Here, Plaintiffs' injunctive relief claim is based on the same baseless theory

6  that Defendants violated the trial modification.  (Compl., ¶ 43.)  Plaintiffs do

7  nothing more than make a threadbare recitation of the "irreparable harm" element

8  without providing any factual allegations to support a finding of irreparable harm.

9  Plaintiffs conclusorily state that "Plaintiff [*sic*] will continue to suffer irreparable

10  harm in that the subject property will be foreclosed and lost."  (Compl., ¶ 43.)

11  However, any foreclosure sale would be the result of Plaintiffs' own failure to make

12  their mortgage payments.  Moreover, Plaintiffs completely ignore the remaining

13  elements in order to receive an injunction, such as the balancing of the hardships,

14  the public interest, and the inadequacy of a remedy at law.  Accordingly, Plaintiffs'

15  purported cause of action—which is actually a remedy—should be dismissed with

16  prejudice.

17  **V.**  **CONCLUSION**

18       For the foregoing reasons, Defendants request that the Court grant their

19  Motion to Dismiss Plaintiffs' Complaint without leave to amend.

20

21

22  Dated:  April 23, 2014          **BRYAN CAVE LLP**
                                   Elana D. Cuzzo

23

24                             By:  /s/ Elana D. Cuzzo

25                                Elana D. Cuzzo

26                             Attorneys for Defendants
                           CITIMORTGAGE, INC. and

27                             CITIBANK, N.A.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90301